IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Christopher Woodford,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TotalWeb Partners LLC and Does 1-10,<br><br>　　　　　Defendants. | Civil Case No: 2:23-cv-12995<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Christopher Woodford ("Plaintiff"), by and through his undersigned attorneys, for his Complaint against TotalWeb Partners LLC ("TWP") and Does 1-10 ("Does," collectively with TWP, "Defendants"), who are acting in concert with, as the agents of, and/or as the alter egos of TWP, hereby alleges as follows:

## SUBSTANCE OF THE ACTION

1.　This is a civil action for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., as amended (the "Copyright Act").

2.　Plaintiff is the author of several original educational science and technology articles (each a "Work" and collectively, the "Works"), which Plaintiff owns the rights in and licenses for various uses including print publications.

32674/000/4475762

3. Upon information and belief, TWP is a company that designs, builds, creates content for, maintains and hosts websites.

4. TWP, without permission or authorization from Plaintiff, actively copied and/or displayed the Works on its websites and/or provided the Works as content for its clients to copy and/or display.

## THE PARTIES

5. Plaintiff is an individual who is a citizen of Dorset, United Kingdom.

6. Upon information and belief, Defendant TWP is a Michigan corporation with a principal place of business at 2113 W. Vienna Rd., Clio, Michigan 48420 United States.

7. Upon information and belief, Defendant Does 1-10 are individuals and/or entities residing in the United States working in concert with, as agents of, and/or as the alter egos of TWP to copy, publish, and/or distribute the Works in violation of the Copyright Act.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over TWP because, upon information and belief, TWP is registered as a domestic limited liability company and maintains its principal place of business in Michigan.

32674/000/4475762

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(a) because, upon information and belief, TWP resides, can be found and does business in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim, including TWP's unlawful copyright infringement, in whole or in part, occurred in this judicial district.

## FACTS

PLAINTIFF'S COPYRIGHT OWNERSHIP

11. Plaintiff is a science writer by trade who is the legal and rightful author and owner of certain original articles that Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's portfolio of over 400 articles and several books.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "Copyright Office"), which registrations cover many of Plaintiff's science and technology articles.

14. Plaintiff's articles are original, creative works in which Plaintiff owns protectible copyright interests.

15. Plaintiff published the Works on the website located at www.explainthatstuff.com between 2007 and 2017, depending on the article, and has regularly updated the Works since their initial publications. Attached hereto as **Exhibit A** are copies of the Works.

16. Plaintiff registered the Works with the Copyright Office under four separate titles, each of which is a collection of multiple articles: TXu 1-781-690 ("Explain that Stuff," September 22, 2009); TXu 1-781-694 ("Explain that Stuff#3," November 28, 2011); TXu 1-842-862 ("Explain that Stuff additional text," October 30, 2012); and TXu 2-080-250 ("Chris Woodford science text 2017/1," December 12, 2017). The registrations are attached hereto as **Exhibit B**.

17. Plaintiff's website provided instructions for licensing the Works in the "About us/FAQ" and "Licensing text and photos" sections.

18. Each article on Plaintiff's website contains the below notice:

> Please do NOT copy our articles onto blogs and other websites
> Articles from this website are registered at the US Copyright Office. Copying or otherwise using registered works without permission, removing this or other copyright notices, and/or infringing related rights could make you liable to severe civil or criminal penalties.
> Text copyright © Chris Woodford 2009, 2023. All rights reserved. Full copyright notice and terms of use.

19. Articles published on Plaintiff's website in prior years contained a similar notice:

> Please do NOT copy our articles onto blogs and other websites
> Text copyright © Chris Woodford 2017. All rights reserved. Full copyright notice and terms of use.

TWP'S INFRINGING ACTIVITIES

20. Upon information and belief, TWP is a company that, among other things, designs, builds, creates content for, hosts and maintains websites for its clients.

4

32674/000/4475762

21. Upon information and belief, clients pay TWP for these services, whereby TWP profits.

22. Upon information and belief, without permission or authorization from Plaintiff, TWP copied the Works, hosted the Works and caused the Works to be displayed on at least 11 websites, as shown in the screenshots attached hereto as **Exhibit C**, thereby infringing on Plaintiff's copyrights in and to the Works (hereinafter all of the unauthorized uses set forth above are referred to as the "Infringements").

23. The Infringements are exact copies of Plaintiff's original Works that were directly copied, displayed and/or hosted by TWP on the websites.

24. In response to cease-and-desist letters sent by Plaintiff and Plaintiff's counsel, TWP removed from the websites copies of the Works, but has refused to compensate Plaintiff for lost licensing fees or pay any other damages for its Infringements.

25. Although the Works have been removed, their unauthorized reproduction and publication constituted copyright infringement in violation of the Copyright Act.

26. Upon information and belief, TWP engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

27. TWP's use of the Works harmed the actual market for the Works.

28. As a result of TWP's Infringements, Plaintiff has been substantially harmed.

## COUNT I

### Copyright Infringement

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 above with the same force and effect as if set forth fully herein.

30. TWP, without authorization from Plaintiff, has reproduced, displayed and/or hosted on at least 11 websites articles that are copied from, and substantially similar to, the Works.

31. TWP has thereby infringed Plaintiff's copyrights in the Works pursuant to 17 U.S.C. § 501.

32. Upon information and belief, TWP's infringing acts were committed with knowledge or in reckless disregard of Plaintiff's exclusive rights in the Works under the federal Copyright Act.

33. Plaintiff has lost licensing fees due to TWP's Infringements.

34. Upon information and belief, TWP has made substantial profits and gains from its Infringements, which TWP is not in law or equity entitled to retain.

35. The aforementioned acts by TWP have damaged and, if not enjoined, will continue to damage Plaintiff and cause him irreparable harm, for which Plaintiff has no adequate remedy at law.

## COUNT II

## **Removal and/or Alteration of Copyright Management Information**

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 above with the same force and effect as if set forth fully herein.

37. The Works as currently published contain a credit attributing Plaintiff "Chris Woodford" as the author of each Work, as seen in **Exhibit A** and as shown below.

> Please do NOT copy our articles onto blogs and other websites
>
> Articles from this website are registered at the US Copyright Office. Copying or otherwise using registered works without permission, removing this or other copyright notices, and/or infringing related rights could make you liable to severe civil or criminal penalties.
>
> Text copyright © Chris Woodford 2009, 2023. All rights reserved. Full copyright notice and terms of use.

38. Previous versions of the Works contained a similar credit attributing Plaintiff "Chris Woodford" as the author of each Work, as seen in **Exhibit D** from 2018 and as shown below.

> Please do NOT copy our articles onto blogs and other websites
>
> Text copyright © Chris Woodford 2017. All rights reserved. Full copyright notice and terms of use.

39. Such credits qualify as copyright management information ("CMI") under section 1202(c) of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(c).

40. Upon information and belief, TWP intentionally removed Plaintiff's CMI when it copied and displayed the Works.

7

32674/000/4475762

41. Upon information and belief, TWP had reasonable grounds to know that its display of the Works at the infringing websites would induce, enable, facilitate or conceal an infringement.

42. TWP's conduct violates 17 U.S.C. § 1202(b).

43. Plaintiff has sustained substantial injury and monetary damages as a result of TWP's wrongful acts as herein alleged, and as a result of being involuntarily associated with TWP, in an amount to be proven at trial.

44. As a result of TWP's violations of 17 U.S.C. § 1202(c), pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from TWP statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

45. As a result of the TWP's violations of 17 U.S.C. § 1202(c), the court in its discretion may allow the recovery of reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from TWP.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants finding that Defendants have infringed on Plaintiff's rights to the Works in violation of 17 U.S.C. § 501 and

32674/000/4475762

have violated the DMCA under 17 U.S.C. § 1202(b) and therefore award damages, monetary and other relief as follows:

  A. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c) and/or 17 U.S.C. § 1203(c), whichever is larger;

  B. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's Works;

  C. for costs of litigation and reasonable attorneys' fees against Defendants pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. § 1203;

  D. for pre-judgment interest as permitted by law; and

  E. for any other relief the Court deems just and proper.

## **JURY TRIAL DEMAND**

  Plaintiff demands a jury trial in this action pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues triable to a jury of this lawsuit.

Dated:  November 27, 2023    Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
Eric J. Shimanoff
ejs@cll.com
114 West 47th Street
New York, New York 10036
212-790-9200

10